# EXHIBIT B

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN KOSCIUSKO SUPERIOR COURT |
| | ) SS: | |
| KOSCIUSKO COUNTY | ) | CAUSE NO. 43D04-2109-CC-000568 |

| | |
|---|---|
| Notre Dame Federal Credit Union | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| David Dilley | ) |
| | ) |
| Defendant | ) |

## ANSWER AND COUNTERCLAIM

Defendant David Dilley ("Defendant"), by the undersigned attorneys, answers Notre Dame Federal Credit Union's ("Plaintiff's") Complaint and counterclaims against Plaintiff:

### ANSWER TO COUNT I

1. Admit.
2. Admit.
3. Deny.
4. Paragraph 4 sets forth a legal conclusion to which no response is required.

### ANSWER TO COUNT II

1. Admit
2. Admit
3. Deny.
4. Paragraph 4 sets forth a legal conclusion to which no response is required.

### ANSWER TO COUNT III

1. Admit
2. Admit
3. Deny.
4. Paragraph 4 sets forth a legal conclusion to which no response is required.

1

**ANSWER TO COUNT IV**

1. Defendant has insufficient information to admit or deny this allegation because the documents attached as Exhibit D are illegible, and therefore, denies same.

2. Defendant has insufficient information to admit or deny this allegation because the documents attached as Exhibit D, which constitute the alleged contract, are illegible, and therefore, denies same.

3. Deny.

4. Paragraph 4 sets forth a legal conclusion to which no response is required.

**AFFIRMATIVE DEFENSES TO COUNTS I, II, and III**

1. As set forth more fully in Defendant's counterclaim, Defendant disputes Plaintiff's compliance with the Uniform Commercial Code ("UCC") as adopted by Indiana (codified as Title 26, Article 1 of the Indiana Code), and Plaintiff has not, and cannot, meet its burden of establishing compliance with Ind. Code § 26-1-9.1-601 et seq.

2. Plaintiff failed to sell Defendant's vehicles in a commercially reasonable manner and demands strict proof thereof.

3. Plaintiff failed to send Defendant the statutory notices required by I.C. § 26-1-9.1-601 et seq.

4. Plaintiff seeks unreasonable attorney fees not permitted by the contract or law.

5. Defendant respectfully requests and reserves the right to amend and/or supplement his defenses contained in this Answer and Counterclaim as the facts and circumstances giving rise to the Complaint become known to him through the court of litigation.

**AFFIRMATIVE DEFENSES TO COUNT IV**

1. Plaintiff fails to state a claim for which relief can be granted.

2. Plaintiff seeks unreasonable attorney fees not permitted by the contract or law.

2

# COUNTERCLAIM

### Parties

1. Plaintiff is an Indiana company with its principal place of business in Indiana.

2. Defendant is an Indiana resident.

### Jurisdiction and Venue

3. Defendant is a resident of Kosciusko County and Plaintiff sued Defendant in Kosciusko County.

4. This Court has jurisdiction over the parties to this Counterclaim.

5. Venue is proper under Rule 75 of the Indiana Rules of Trial Procedure.

### General Allegations

6. Defendant executed three Consumer Notes and Security Agreements with Plaintiff in which Defendant granted Plaintiff a security interest in collateral as part of the loan agreement.

7. Exhibit A to the Complaint is a true and accurate copy of the Note executed by the parties on or about March 6, 2018, and as part of the agreement, the Note gave Defendant a security interest in his 2015 Jeep Grand Cherokee (the "Jeep Note").

8. Exhibit B to the Complaint is a true and accurate copy of the Note executed by the parties on or about February 23, 2018, and as part of the agreement, the Note gave Defendant a security interest in his 2016 KZ Recreational Vehicle (the "RV Note").

9. Exhibit C to the Complaint is a true and accurate copy of the Note executed by the parties on or about February 26, 2018, and as part of the agreement, the Note gave Defendant a security interest in his 2012 Polaris ATV (the "ATV Note").

10. Exhibit D to the Complaint includes a true and accurate copy of the credit card application completed by Defendant on or around March 7, 2018.

11. In each of the Jeep Note, RV Note, and ATV Note Defendant granted Plaintiff a security interest in collateral used primarily for personal, family, or household purposes.

3

12. Plaintiff obtained a security interest in the Jeep, RV, and ATV (collectively, the "Collateral") and remained a secured party until Plaintiff sold the Collateral.

13. Plaintiff failed to sell any of the collateral in a commercially reasonable manner.

14. Had Plaintiff complied with IC § 26-1-9.1-601 through § 26-1-9.1-628 in repossessing and selling the Jeep, Plaintiff would have obtained net sales proceeds greater than or equal to the alleged debt owed to Plaintiff on the Jeep Note.

15. The fair value of the Jeep at the time of repossession was greater than or equal to the amount Defendant allegedly owed Plaintiff on the Jeep Note.

16. Had Plaintiff complied with IC § 26-1-9.1-601 through § 26-1-9.1-628 in repossessing and selling the RV, Plaintiff would have obtained net sales proceeds greater than or equal to the alleged debt owed to Plaintiff on the RV Note.

17. The fair value of the RV at the time of repossession was greater than or equal to the amount Defendant allegedly owed Plaintiff on the RV Note.

18. Had Plaintiff complied with IC § 26-1-9.1-601 through § 26-1-9.1-628 in repossessing and selling the ATV Note, Plaintiff would have obtained net sales proceeds greater than or equal to the alleged debt owed to Plaintiff on the ATV Note.

19. The fair value of the ATV at the time of repossession was greater than or equal to the amount Defendant allegedly owed Plaintiff on the ATV Note.

### Count I – UCC Violations regarding the Jeep

20. Defendant repeats the allegations set forth above as if set forth in Count I.

21. Plaintiff failed to comply with IC § 26-1-9.1-601 through § 26-1-9.1-628 in repossessing and selling the Jeep, which entitles Defendant to damages under IC § 26-1-9.1-625.

22. Regarding the Jeep, Plaintiff violated § 26-1-9.1-611 and § 26-1-9.1-614 because it did not send Defendant a "reasonable authenticated notification of disposition" that complied with the UCC.

4

23. Regarding the Jeep, Plaintiff violated § 26-1-9.1-616 because it did not send Defendant a post-sale explanation of deficiency in accordance with § 26-1-9.1-616(c).

24. Plaintiff's failure to send a proper post-sale notice under IC § 26-1-9.1-616 is part of a pattern and/or consistent practice of noncompliance.

### Count II – UCC Violations concerning the RV

25. Defendant repeats the allegations set forth above as if set forth in Count II.

26. Plaintiff failed to comply with IC § 26-1-9.1-601 through § 26-1-9.1-628 in repossessing and selling the RV, which entitles Defendant to damages under IC § 26-1-9.1-625.

27. Regarding the RV, Plaintiff violated § 26-1-9.1-611 and § 26-1-9.1-614 because it did not send Defendant a "reasonable authenticated notification of disposition" that complied with the UCC.

28. Regarding the RV, Plaintiff violated § 26-1-9.1-616 because it did not send Defendant a post-sale explanation of deficiency in accordance with § 26-1-9.1-616(c).

29. Plaintiff's failure to send a proper post-sale notice under IC § 26-1-9.1-616 is part of a pattern and/or consistent practice of noncompliance.

### Count III – UCC Violations concerning the ATV

30. Defendant repeats the allegations set forth above as if set forth in Count III.

31. Plaintiff failed to comply with IC § 26-1-9.1-601 through § 26-1-9.1-628 in repossessing and selling the ATV, which entitles Defendant to damages under IC § 26-1-9.1-625.

32. Regarding the ATV, Plaintiff violated § 26-1-9.1-611 and § 26-1-9.1-614 because it did not send Defendant a "reasonable authenticated notification of disposition" that complied with the UCC.

33. Regarding the ATV, Plaintiff violated § 26-1-9.1-616 because it did not send Defendant a post-sale explanation of deficiency in accordance with § 26-1-9.1-616(c).

34. Plaintiff's failure to send a proper post-sale notice under IC § 26-1-9.1-616 is part of a pattern and/or consistent practice of noncompliance.

WHEREFORE, Defendant prays this Court enter a judgment against Plaintiff as to each Count I, Count II, and Count III, and for each count:

a. award damages equal to the statutory minimum provided by IC § 26-1-9.1-625 (c)(2);

b. award statutory damages of $500 pursuant to IC § 26-1-9.1-625(e) for violating § 26-1-9.1-616.

c. prejudgment and post-judgment interest;

d. a declaration that Defendant owes Plaintiff nothing on the Notes.

e. an order requiring Plaintiff to remove any adverse credit information Plaintiff previously reported to credit reporting organizations about Defendant;

f. attorney's fees to the extent permitted by contract or law; and

g. for such other and further relief as this Court deems just and proper.

Respectfully submitted,

__/s/ Jeffrey S. Gibson_____
Jeffrey S. Gibson, #22362-49
Wagner Reese, LLP
11939 N. Meridian Street, Suite 100
Carmel, IN 46032
Phone: 317-446-8339

Attorney for Defendant

6

## **CERTIFICATE OF SERVICE**

I certify that on October 19, 2021, I electronically filed this Motion using the Indiana E-Filing System.

I also certify that on October 19, 2021, the foregoing document was served upon the following Via E-Service or U.S. Mail, first class, postage prepaid, if not registered with E-Service:

KRISOR & ASSOCIATES
John D. Krisor Jr. (5355-71)
Brooks J. Grainger (19362-71)
Ian M. Septoski (25450-64)
P.O. Box 6200
South Bend, IN 46660
(574) 271-4920

    /s/ Jeffrey S. Gibson
    Jeffrey S. Gibson, #22362-49

WAGNER REESE, LLP
11939 North Meridian Street, Suite 100
Carmel, IN 46032
Tel: (317) 569-0000/Fax: (317) 569-8088
Email: jgibson@wagnerreese.com

7