UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STARNET INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NOTRE DAME FEDERAL CREDIT UNION, et al., <br><br> Defendants. | Case No.: 3:24-cv-00597-DRL-SJF |

## Defendant David Dilley's
## Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Defendant David Dilley ("Dilley") moves the Court under Rule 12(b)(1) to dismiss Plaintiffs' Complaint (ECF 1) for lack of subject-matter jurisdiction. Plaintiff tries to invoke this Court's subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332. ECF 1 ¶ 13. But complete diversity doesn't exist between the parties because Notre Dame Federal Credit Union ("Credit Union) is a "federally chartered" credit union. ECF 1 ¶ 11. As with a federally chartered savings association, a federally chartered credit union is "not a citizen of any state, meaning it [is] not eligible for diversity jurisdiction[.]" *Hukic v. Aurora Loan Services*, 588 F.3d 420, 428 (7th Cir. 2009). Accordingly, the Court should dismiss Plaintiffs' Complaint (ECF 1) for lack of subject-matter jurisdiction.

1

## ARGUMENT

"Federal courts are courts of limited jurisdiction," *Gunn v. Minton*, 568 U.S. 251, 256 (2013), and must have subject matter judication to hear a case, *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). Subject matter jurisdiction is "the courts' statuary or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Plaintiffs seek to invoke diversity jurisdiction. "To invoke the federal courts' diversity jurisdiction, the parties must establish both complete diversity and that the 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting 28 U.S.C. § 1331). "The party invoking diversity jurisdiction (most often the plaintiff) bears the burden of showing its existence." *Page v. Democratic National Committee*, 2 F.4th 630, 634 (7th Cir. 2021). Diversity jurisdiction "has always been strictly construed and the courts have refused to extend its application either by analogy, implication, or judicial interpretation." *Harris v. Am. Legion*, 162 F. Supp. 700, 710 (S.D. Ind. 1958), *judgment aff'd*, 261 F.2d 594 (7th Cir. 1958) (adopting district court opinion "as the opinion of" the Seventh Circuit); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.")

Plaintiffs have not—and cannot—show diversity jurisdiction exists because Credit Union is a "federally chartered" credit union. ECF 1 ¶ 11. As with a federally chartered savings association, a federally chartered credit union is "not a citizen of any state, meaning it [is] not eligible for diversity jurisdiction[.]" *Hukic*, 588 F.3d at 428; *Harris*, 162 F. Supp. at 710 (same); *Rogers v. Relitz*, 2022 WL 17082035, at *4 (E.D. Wis. Nov. 18, 2022) (citing *Harris*).

Although Congress has assigned state citizenship for diversity jurisdiction purposes over federally chartered entities, such as national banks, *see* 28 U.S.C. § 1348; farm credit banks, land bank associations, and farm credit associations, *see* 12 U.S.C. § 2258; savings associations, *see* 12 U.S.C. § 1464(x); Amtrak, *see* 49 U.S.C. § 24301(b); the Telecommunications Development Fund, *see* 47 U.S.C. § 614(b); and Fannie Mae, *see* 12 U.S.C. § 1717(a)(2), Plaintiffs alleged no provision in the Federal Credit Union Act or other act of Congress that assigns state citizenship to federally chartered credit unions for diversity jurisdiction. *See* 12 U.S.C. § 1751 *et seq.*; *cf.* Paul E. Lund, *Federally Chartered Corporations and Federal Jurisdiction,* 36 Fla. St. U. L. Rev. 317, 370 n.303 (2009) (noting "the statutes governing federal credit unions include no provision regarding federal jurisdiction"). Because no "'specific statutory provision dictates otherwise,' a federally chartered corporation is not a citizen of any state and therefore is 'not eligible for diversity jurisdiction.'" *Fed. Home Loan Bank of Indianapolis v. Banc of Am. Mortg. Sec.*, Inc., 2011 WL 2133539, at *2 (S.D. Ind. May 25, 2011) (quoting *Hukic*, 588 F.3d at 428).

3

## CONCLUSION

Credit Union "is a national citizen and not a citizen of any state, complete diversity among the parties cannot be established, and the case" should be "dismissed without prejudice for lack of subject matter jurisdiction." *Am. Airlines Fed. Credit Union v. Eck*, 2018 WL 2332065, at *4 (N.D. Ill. May 23, 2018); *Page*, 2 F.4th at 638 ("This attribution of statelessness destroys complete diversity and deprived the district court of the power to hear this case.") Accordingly, the Court should dismiss Plaintiffs' Complaint (ECF 1) for lack of subject-matter jurisdiction and grant Dilley all other relief appropriate under the circumstances.

Respectfully submitted,

**ONDERLAW, LLC**

By: */s/ Martin L. Daesch*
Martin L. Daesch #7852-95-TA
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
*Attorneys for Defendant David Dilley*

## Certificate of Service

I certify that on September 30, 2024, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Minh C. Wai, Esq.
Ricardo J. Aguirre, Esq.
**Kopka Pinkus Dolin**
9801 Connecticut Drive Crown Point, Indiana 46307
MCWai@kopkalaw.com
rjaguirre@kopkalaw.com

Joshua A. Dorothy
Nicholas J. Sideras
**Gregerson, Rosow, Johnson & Nilan, Ltd.**
100 Washington Avenue South, Suite 1550 Minneapolis, MN 55401
jdorothy@grjn.com
nsideras@grjn.com

Kay Dee Baird
**Krieg DeVault LLP**
One Indiana Square, Suite 2800
Indianapolis, IN 46204
kbaird@kdlegal.com

*/s/Martin L. Daesch*